CHRYSLER CORPORATION *v.* MATHER COMPANY; U.A.W., LOCAL 12, PETITIONER-INTERVENOR.

(No. 80-0621—Decided April 17, 1980.)

Court of Common Pleas of Lucas County.

*Messrs. Fuller, Henry, Hodge & Snyder, Mr. Thomas L. Dalrymple, Mr. Charles R. Leech, Jr.* and *Mr. Stephen J. Stanford,* for plaintiff.

*Messrs. Green, Lackey & Nusbaum, Mr. Gerald B. Lackey* and *Ms. Joan Torzewski,* for petitioner-intervenor.

RILEY, J. This cause is before the court on petitioner-union's motion to intervene in a replevin action. The replevin action was commenced by the filing of plaintiff's complaint, with the requisite affidavit and bonds required by R. C. 2737.02, 2737.06 and 2737.07. Defendant promptly filed its

answer which admitted the averments of the complaint and contents of the affidavit, and waived opportunity for posting of bond, return of the property, hearing and trial. Final judgment was later entered by the court and, as amended *sua sponte,* it was expeditiously carried out in full by the sheriff's department. The union now wishes to intervene in this action in order to seek a dismissal of the original judgment.

Civ. R. 24 provides for intervention as of right and for permissive intervention. There are two bases specified for intervention as of right:

"(1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." As to the first basis, petitioner has cited no statute of this state which confers an unconditional right to intervene in this case, nor is the court aware of any such statute. Therefore, petitioner's right to intervene depends on the interest requirements of Civ. R. 24(A)(2).

The union has been engaged in an economic strike against the Mather Company. The union is not asserting herein that it has any rights of ownership or possession in the property involved; rather, it claims that it has "a substantial interest in ensuring that such goods remain within the plant," in order to exert economic pressure to persuade Mather to settle the labor dispute. The union relies primarily on the decision in *General Electric Co.* v. *Bootz Mfg. Co.* (S.D. Ind. 1968), 289 F. Supp. 504, in support of this claim. The facts in *Bootz* were nearly identical to those in the case *sub judice.* The court granted the union's petition to intervene and set aside the previously issued writ of replevin. The court held that although the union claimed no interest in the specific property, Federal Rule of Civil Procedure 24(a)(2) was "broad enough to support intervention as a matter of right"; that the intervening union certainly had an interest in the transaction which is the subject of the action, namely, "the transfer of the possession of the * * * property from the defendant to the plaintiff"; and that "the disposition of the action in the manner contemplated by

such nominal adversaries would, as a practical matter, impair or impede its ability to protect that interest." *Id.* at page 506.

On identical facts, the same interest claim by a union was rejected by the Pennsylvania Court of Common Pleas of Allegheny County in *General Electric Co.* v. *Blaw-Knox Co.* (1968), 70 L.R.R.M. 2353. The court acknowledged that a union has a legal right to strike and to picket but that:

"The Union's contention that it has a legally enforceable interest in 'permanently enjoining' the execution of this writ of replevin is tantamount, in our view, to a contention that, once a strike is called, the Union is entitled to a court order completely paralyzing the employer's operations, and that the Union has a *right* to prevent the removal of *any* property from the employer's plant and to determine who and what may enter and leave the plant. We are not aware that that is the law." *Id.* at page 2355.

This court is of the same opinion that "interest" requires something more than a passing interest in the property which is the subject of a motion for a writ of replevin. Although a union may derive some benefit by keeping property within the plant, this is not sufficient interest to justify intervention in a replevin action. Therefore, the court concludes that petitioner-union is not entitled to intervention as of right under Civ. R. 24(A)(2).

Civ. R. 24(B) provides two bases for permissive intervention in an action;

"(1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common."

As to the first basis, petitioner has cited no statute of this state which confers a conditional right to intervene in this case, nor is the court aware of any such statute. Further, the court finds no claim or defense in common with a question of law or fact in the main action. The replevin action involved no claim or defense concerning preemption by the National Labor Relations Act. Therefore, the issue, being first set forth by the petitioner, is not in common with a question of law or fact involved in the original action.

Petitioner's argument as to misuse of the process of this court is equally without merit. Petitioner once again relies on the decision in *Bootz* in support of this argument. The *Bootz*

court noted that similar replevin actions had been successfully pursued in five separate state court cases over a period of about three weeks prior to the filing of the case at hand by plaintiff-customers of the manufacturer. The court concluded that this was an abusive practice and stated, at page 507, that "even if intervenors should ultimately be adjudged to be without standing to intervene, this court has a right to prevent itself from being stultified by the collusive suit of the original parties plaintiff and defendant." No such abuse has occurred in this case. The parties involved may have agreed to the replevin action, but there were elements present which mitigated the collusive nature of their action. Chrysler needed the parts to prevent closing down two of its assembly plants, which would have caused extreme economic hardship. The replevin action resolved the matter expeditiously and avoided any risk of violence which might have accompanied a self-help remedy. The court concludes that there is no reason why the petitioner-union should be allowed to intervene in this action.

It is therefore ordered, adjudged and decreed that petitioner's motion to intervene be, and hereby is, denied at petitioner's costs.

*Motion denied.*